UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

CHARLES EDWARD SEAMAN,

                      Debtor.
----------------------------------------------------------x

Case No. 05-40032-ess
Chapter 7

**MEMORANDUM DECISION DISMISSING THE DEBTOR'S CHAPTER 7 CASE
FOR FAILURE TO COMPLY WITH 11 U.S.C. § 109(h)**

Before the Court is the motion of the United States Trustee, dated December 6, 2005, to dismiss the petition of the above-captioned debtor, Charles Edward Seaman (the "Petitioner") for failure to file payment advices pursuant to Section 521(a)(1) of Title 11 of the United States Code (the "Bankruptcy Code") and for failure to file a certificate from an approved nonprofit budget and credit counseling agency pursuant to Section 109(h)(1) of the Bankruptcy Code (the "Motion to Dismiss").  Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "BAPCPA"), an individual who fails to meet the credit counseling requirements of Section 109(h) is ineligible to be a debtor under the Bankruptcy Code.  On January 10, 2006, a hearing on the Motion to Dismiss was held, at which counsel for the United States Trustee appeared and was heard.  The Petitioner did not file opposition to the Motion to Dismiss and did not appear at the hearing on January 10, 2006.

At the January 10, 2006, hearing, the Court asked the United States Trustee to address the question of whether a bankruptcy petition filed by an individual who is ineligible to be a debtor should be stricken, or alternatively, whether the bankruptcy case should be dismissed.  In response to the Court's inquiry, the United States Trustee filed a Memorandum of Law in Further Support of the Motion of the United States Trustee to Dismiss This Case (the "UST Memorandum") on January 25, 2006.  A further hearing on the Motion to Dismiss was held on

January 31, 2006, at which counsel for the United States Trustee appeared and was heard. The Petitioner did not appear at the hearing on January 31, 2006. Based on the entire record and for the reasons set forth below, the Court finds that the Petitioner is ineligible to be a Chapter 7 debtor and that his case should be dismissed.

## Background

On October 23, 2005, the Petitioner, an individual, filed a voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code. The Petitioner neither filed a certificate of credit counseling with his petition pursuant to Section 109(h)(1), nor sought a temporary or permanent exemption pursuant to Sections 109(h)(3) and 109(h)(4). The Petitioner also did not file copies of payment advices or other evidence of payment received within sixty days prior to the date of filing the petition as required by Section 521(a)(1) and Federal Rule of Bankruptcy Procedure 1007. On November 10, 2005, and November 30, 2005, the Clerk of the Court sent notices of deficiency to the Petitioner. *See* Docket Entries 5, 6.

The United States Trustee filed the Motion to Dismiss on December 6, 2005, citing the failure of the Petitioner to make the required filings as described above. *See* Docket Entry 7. The Petitioner did not cure the deficiencies or oppose the Motion to Dismiss.

## Discussion

A voluntary bankruptcy case "is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter." 11 U.S.C. § 301(a). BAPCPA added a new requirement, effective October 17, 2005, for an individual to be eligible to be a debtor, as follows:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition . . . received

> from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis . . .

11 U.S.C. § 109(h)(1). To demonstrate his or her eligibility, an individual debtor must file a certificate from an approved credit counseling agency and a copy of the debt repayment plan, if any, with the petition. *Id. See also* FED. R. BANKR. P. 1007(b)(3) and (c). Under exigent circumstances, the court may grant an individual a thirty-day temporary exemption from the credit counseling requirement. 11 U.S.C. § 109(h)(3)(A). This thirty-day exemption may be extended for an additional fifteen days for cause. 11 U.S.C. § 109(h)(3)(B). And an individual who is unable to complete credit counseling due to incapacity, disability, or active military duty, may seek a permanent exemption from the requirements of Section 109(h). 11 U.S.C. § 109(h)(4).

Here, the Petitioner did not file a certificate of credit counseling, or seek a temporary or permanent exemption from the credit counseling requirement. As a result, the Petitioner is ineligible to be a debtor under Chapter 7 of the Bankruptcy Code. *See* 11 U.S.C. § 109(h).

The United States Trustee has moved to dismiss the Petitioner's case.[1] Section 109(h) does not specify what should happen to the bankruptcy case of a petitioner who is, or proves to be, ineligible to be a debtor. The alternatives are to dismiss the case or to strike or declare void *ab initio* the petition. The consequences of dismissal include the possibility that the automatic stay will be available only on a limited basis in the event that the petitioner files a subsequent

---

[1] The Court finds that the Petitioner was ineligible to be a debtor pursuant to 11 U.S.C. § 109(h), and therefore does not reach the United States Trustee's alternative argument that the Petitioner's case should be dismissed pursuant to 11 U.S.C. § 521(a)(1).

bankruptcy case. That is, if the case is dismissed and the petitioner files another bankruptcy case within one year of the dismissal, then the automatic stay will be in place for only thirty days unless, upon motion by a party in interest and after notice and a hearing, the court extends the stay. 11 U.S.C. §§ 362(c)(3)(A), 362(c)(3)(B).

The consequences of striking the petition are less clear. One question that arises if the petition is stricken is whether the automatic stay would be in effect from when the petition is filed to when the petition is stricken, or whether it would be annulled *nunc pro tunc* to the date of filing. Another question is whether the automatic stay would be subject to the thirty-day limitation of Section 362(c)(3) in a subsequent case filed within the following year.

The United States Trustee argues that if the petition is stricken, then the automatic stay would be in effect from when the bankruptcy case is filed to when the petition is stricken and subject to annulment *nunc pro tunc*. UST Memorandum at 11-12. The United States Trustee further argues that this would allow an ineligible petitioner to file a series of bankruptcy petitions and trigger the protections of the automatic stay under Section 362(a) over and over again, thus avoiding the consequences of serial filings that now result from Section 362(c)(3). UST Memorandum at 11-12.

The bankruptcy case of a petitioner who is ineligible to be a debtor under Section 109(h) is subject to termination, whether by dismissal or striking, for two reasons. First, if the petitioner has not received the required credit counseling within 180 days of filing for bankruptcy, that petitioner is ineligible and "may not be a debtor." 11 U.S.C. § 109(h)(1). Second, if the petitioner fails timely to file either a credit counseling certificate or a request for a temporary or permanent exemption from the credit counseling requirement, then that failure to file required

documentation may be cause for dismissal. 11 U.S.C. §§ 109(h)(3), 109(h)(4). *See* 11 U.S.C. §§ 521(b), 707(a). While Section 109(h) is silent as to the appropriate outcome for such cases, guidance is available from several analogous provisions of the Bankruptcy Code and decisions interpreting these provisions.

*Termination of Cases Filed by Debtors Who Are Ineligible Under the Bankruptcy Code for Reasons Other than Failure To Satisfy the Credit Counseling Requirement*

Section 109 of the Bankruptcy Code, captioned "Who may be a debtor," sets forth eligibility criteria for various types of bankruptcy filings. For example, Section 109(e) addresses who may be a debtor under Chapter 13, and provides that a debtor under this Chapter must have "regular income" and unsecured and secured debts that do not exceed prescribed limits. Courts have, with apparent unanimity, concluded that when a Chapter 13 petitioner is ineligible under Section 109(e), the case should be either voluntarily converted or dismissed. *See, e.g., In re Mazzeo*, 131 F.3d 295 (2d Cir. 1997) (affirming dismissal of case where debtor's unsecured debt exceeded the Section 109(e) limit). *See also Dillon v. Texas Comm'n on Envtl. Quality*, 138 Fed. Appx. 609, 612 (5th Cir. 2005) (dismissal of case was proper where debtor was ineligible); *In re Ross*, 338 B.R. 134, 136-37 and n.2 (Bankr. N.D. Ga. 2006) ("Almost all courts now recognize that the filing of a chapter 13 petition by a debtor ineligible to do so under § 109(e) nevertheless commences a case that invokes the jurisdiction of the bankruptcy court"); *In re Rifkin*, 124 B.R. 626, 629 (Bankr. E.D.N.Y. 1991) ("Whether the debtor is eligible to proceed under Chapter 13 is in essence a motion to dismiss.").

Courts have similarly dismissed, not stricken, bankruptcy cases filed by petitioners who are ineligible for bankruptcy relief by virtue of their corporate or entity status. *See, e.g., In re C-TC 9th Avenue P'ship*, 113 F.3d 1304 (2d Cir. 1997) (dismissing bankruptcy case of partnership

in dissolution that was ineligible to be a Chapter 11 debtor under 11 U.S.C. § 109(d)); *In re Westville Distribution and Transp.*, 293 B.R. 101 (Bankr. D. Conn. 2003) (dismissing bankruptcy case under 11 U.S.C. §§ 109(a), (b), and (d)) where entity on whose behalf a petition was filed had no legal corporate existence).

Courts also have dismissed, rather than stricken, bankruptcy cases filed by petitioners who are ineligible under Section 109(g) of the Bankruptcy Code. Section 109(g) provides that an individual is ineligible to be a debtor if he or she has failed willfully to abide by an order of the court, or has requested and obtained the voluntary dismissal of a case after the filing of a motion for relief from the automatic stay. 11 U.S.C. §§ 109(g)(1), 109(g)(2).

For example, in *In re Flores*, 291 B.R. 44 (Bankr. S.D.N.Y. 2003), the court examined an individual's eligibility to be a debtor under Section 109(g) where the petitioner filed a second bankruptcy case within 180 days of the dismissal with prejudice of a prior case. The court considered whether such a case is "void *ab initio*," and as a result, does not trigger the automatic stay. *In re Flores*, 291 B.R. at 46. The court found that a case filed in violation of Section 109(g) is not a nullity because "no one can know whether the debtor may be a debtor under Section 109(g) until the bankruptcy court decides the issue." *In re Flores*, 291 B.R. at 61. This determination, the court found, could be made only by the bankruptcy court, so that a secured creditor must await the determination of whether the putative debtor is ineligible or risk violating the automatic stay. *In re Flores*, 291 B.R. at 52-53. The court also observed that voiding *ab initio* the petition of an ineligible debtor would create a "rule that the automatic stay is abrogated in any filing within 180 days of a dismissal which the bankruptcy court at some indeterminate time after the filing may (or may not) decide was in violation of Section 109(g)." *In re Flores*,

291 B.R. at 55. This result, the court found, conflicts with Section 362's definition of the scope of the automatic stay and its exceptions. *Id.*

*Termination of Cases Filed by Debtors Who Fail To File Required Documents Other than a Credit Counseling Certificate*

Several sections of the Bankruptcy Code provide that a bankruptcy case should be dismissed if a debtor does not file required documents. For example, Section 707(a)(3) provides that in a Chapter 7 case, "the court may dismiss a case under this chapter . . . for cause, including . . . failure . . . to file . . . the information required by [Section 521(a)(1)]." 11 U.S.C. § 707(a)(3).[2] Section 1307(c)(9) similarly provides that in a Chapter 13 case, dismissal is appropriate where filings required by Section 521(a)(1) are not made. 11 U.S.C. § 1307(c)(9). And Section 1112(e) states that the court, on request of the United States Trustee, may dismiss a case if the Chapter 11 debtor fails to file the information required by Section 521(a)(1) within fifteen days after the filing of the petition or within such additional time as the court has specified. 11 U.S.C. § 1112(e).

Here too, courts have concluded that the failure to file documents required by the Bankruptcy Code should result in the dismissal of the bankruptcy case, not the striking of the petition. *See, e.g., In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (failure to file monthly operating reports in a Chapter 11 case justified dismissal), *appeal dismissed by* 1996 WL 79333 (S.D.N.Y. Feb. 23, 1996). *See also In re Associacion de Comerciantes del Viejo San Juan*, 181 F.3d 79 (Table), 1999 WL 525911, at *1 (1st Cir. 1999) (affirming bankruptcy court's

---

[2] Under BAPCPA, Section 521(1) was replaced by Section 521(a)(1). This Section identifies documents required to be filed including a list of creditors, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. 11 U.S.C. § 521(a)(1).

dismissal of debtor's case for failure to make timely filings); *In re Green*, 141 B.R. 440, 442-43 (Bankr. M.D. Fla. 1992) (dismissing debtor's Chapter 13 case for failure to comply with Section 521).

*Termination of Cases Filed by Debtors Who Are Ineligible Under the Bankruptcy Code for Failure To Satisfy the Credit Counseling Requirement*

Several bankruptcy courts have addressed issues arising in connection with the determination of eligibility under Section 109(h). These courts have overwhelmingly concluded that a bankruptcy case filed by a petitioner who is ineligible to be a debtor because he or she neither satisfied the credit counseling requirement, nor established an entitlement to an exemption from it, should be dismissed. At the same time, at least six courts have specifically addressed the question of whether striking the petition or dismissing the case is the appropriate outcome, and two have concluded that the petition should be stricken.

In *In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005), the first reported case on this issue, the court considered the requests of five Chapter 13 debtors to extend their time to file credit counseling certificates. *Id.* The court found that none of the debtors had complied with the requirements of Section 109(h)(3), and therefore, that each was ineligible to be a debtor under the Bankruptcy Code. *In re Hubbard*, 333 B.R. at 383. The court further reasoned that, because the putative debtors were ineligible when they filed their petitions, there was no bankruptcy case "commenced" under Section 301 of the Bankruptcy Code. *In re Hubbard*, 333 B.R. at 388.

As to the appropriate remedy, the court observed:

> This Court and others have generally "dismissed" cases that were filed by ineligible debtors. Under the prior statute, "dismissal" had the same effect as "striking" a petition. Because "dismissal" of a case under [BAPCPA] may have

> substantially different implications than the "striking" of a petition, the Court must consider the appropriate remedy.

*Id.* The court concluded that "no 'case' was commenced by the filing of these petitions. Because no case was commenced under § 301, there is no 'case' to dismiss. The petitions in these five cases are stricken." *Id.*

In *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005), the debtor filed a bankruptcy petition but did not obtain pre-petition credit counseling or seek a temporary or permanent exemption from the credit counseling requirement. *In re Rios*, 336 B.R. at 178. Within less than a month of filing his bankruptcy petition and learning of the credit counseling requirement, the debtor filed a certificate of credit counseling. *Id.* The court noted that *In re Hubbard* "indicates that a failure to make the requisite showing in a properly filed motion brought pursuant to 11 U.S.C. § 109(h) requires the bankruptcy court not to merely dismiss, but to *strike* the bankruptcy filing." *In re Rios*, 336 B.R. at 179 (emphasis in original). The court also reviewed the legislative history of the credit counseling requirement and observed:

> Under the BAPCPA, Congressional intent is clear that credit counseling is required *prior* to filing, as a prerequisite for bankruptcy relief, to provide putative debtors with the opportunity to make informed choices as to financial alternatives available, including the possibility of seeking bankruptcy protection. . . . If a filing is dismissed, as opposed to stricken, as consequence of the failure to seek credit counseling prior to the bankruptcy filing, then debtors may not be eligible for the full panoply of protections provided by 11 U.S.C. § 362 if they choose, after rectifying their error in failing to seek credit counseling, to file for bankruptcy protection in the future.

*In re Rios*, 336 B.R. at 179-80 (citations omitted). The court noted that "dismissal for failure to seek credit counseling achieves a result Congress intended to avoid; that is, future limitation of debtor protection under the BAPCPA." *Id.* Striking the petition, by contrast, would give effect to Congress's objective of "enlarg[ing] debtors' options in the face of financial difficulty, not

9

limit[ing] them." *Id.* The court concluded that striking the debtor's petition was the appropriate result: "Congress did not intend the credit-counseling requirement to limit the availability or extent of bankruptcy relief for debtors, which dismissal would accomplish, and thus, dismissal is inappropriate." *Id.*

In *In re Valdez*, 335 B.R. 801 (Bankr. S.D. Fla. 2005), the debtor filed a bankruptcy case without obtaining pre-petition credit counseling. The debtor filed a request for a temporary exemption from the credit counseling requirement, but did not describe exigent circumstances that would warrant an exemption. *In re Valdez*, 335 B.R. at 803. The court found:

> [The debtor] does not qualify as a debtor as she has not fulfilled the budget and credit counseling requirement necessary to become a debtor and she is not, by her own admission, entitled to a waiver of such requirement as she has failed to demonstrate exigent circumstances exist.

*Id.* For these reasons, the court concluded that the debtor was ineligible to be a debtor under Section 109(h) and that the case should be dismissed. *Id.* But the court viewed the requirements of Section 109(h) as jurisdictional, and also observed: "Because the petition failed to provide [the petitioner] status as a debtor, the Court will not consider this a dismissed case in which the individual was the debtor, for purposes of denying the imposition of the automatic stay in a subsequently filed case pursuant to 11 U.S.C. § 362." *In re Valdez*, 335 B.R. at 803-04.

More recently, in *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006), the petitioner requested a temporary exemption from the credit counseling requirement under Section 109(h)(3), but did not show that he had requested a credit counseling briefing prior to filing his petition. *In re Ross*, 338 B.R. at 135. The court found that the debtor's request did not satisfy the requirements of Section 109(h)(3), and denied the temporary exemption request. *Id.*

The court then considered whether the appropriate disposition was to strike the petition

or dismiss the case. *Id.* The court first concluded:

> [E]ligibility under § 109 in general and under § 109(h) in particular is not jurisdictional and that, therefore, the filing of a petition by a debtor ineligible to do so nevertheless commences a bankruptcy case that is neither a "nullity" nor void *ab initio*. Consequently, upon timely determination that an individual ineligible to be a debtor under § 109(h) has filed a petition, the proper remedy is dismissal of the case.

*In re Ross*, 338 B.R. at 136. The court then found that if an ineligible petitioner's bankruptcy case is deemed void *ab initio*, then there would be no need for Section 362(b)(21)(A), which was also added to the Bankruptcy Code by BAPCPA. *In re Ross*, 338 B.R. at 138-39. This section provides an exception to the automatic stay as to acts to enforce a security interest in real property "if the debtor is ineligible under section 109(g) to be a debtor in a case under [the Bankruptcy Code]." 11 U.S.C. § 362(b)(21)(A). *See In re Ross*, 338 B.R. at 138-39. As the court observed, "[i]f such a filing were void *ab initio* and did not result in an automatic stay under existing law, such an amendment would not have been necessary." *In re Ross*, 338 B.R. at 139. The court also found that there is no indication in the Bankruptcy Code or elsewhere that "Congress intended that ineligibility under § 109(h) be treated any differently than ineligibility under § 109(g)." *Id.* The court concluded that for these reasons, dismissal was the appropriate remedy. *Id.*

In another recent decision, *In re Tomco*, 2006 WL 459347 (Bankr. W.D. Pa. Feb. 27, 2006), the court found that the petitioner's request for a temporary exemption from the credit counseling requirement did not specify when she requested credit counseling from an approved budget and credit counseling agency, or why her request could not be accommodated within five days. *In re Tomco*, 2006 WL 459347, at *2. At a hearing on the request, the petitioner acknowledged that she did not contact a credit counseling agency prior to filing her petition. *In*

*re Tomco*, 2006 WL 459347, at *3. Accordingly, the court found the petitioner's temporary exemption request to be deficient, and concluded that the petitioner was ineligible to be a debtor. *In re Tomco*, 2006 WL 459347, at *7-*8.

Turning to whether to dismiss the case or strike the petition, the court reasoned that a case commenced by an ineligible debtor is not a nullity:

> This Court is unable to accept the notion that Section 109(h) ineligibility impacts a determination of whether a case was "commenced" and whether the court's subject matter jurisdiction has been invoked. This Court holds that the operative event which triggers the commencement of a bankruptcy case, and this Court's jurisdiction, is the filing of a petition. This conclusion is consistent with the fact that neither Sections 109 and 301 of the Bankruptcy Code, nor any other provisions in the Bankruptcy Code, make mention of jurisdiction. Jurisdiction is "granted" to bankruptcy courts through title 28, not title 11, of the United States Code.

*In re Tomco*, 2006 WL 459347, at *11. The court further found that if this occurred, and the automatic stay was not triggered, both debtors and creditors would be harmed because of the "the additional risk that, at a date subsequent to the petition date, a creditor could unilaterally ignore the stay in the absence of an order of this Court or an express statutory provision providing otherwise." *Id*. The court concluded that dismissal, not striking the petition, was the appropriate outcome. *In re Tomco*, 2006 WL 459347, at *12.

A similar conclusion was reached by the court in *In re Taylor*, No. 05-35381DM, slip op. (Bankr. N.D. Cal. Mar. 9, 2006). There, the petitioner obtained credit counseling seventeen days after filing her bankruptcy petition, but did not request a temporary exemption based on exigent circumstances as required by Section 109(h)(3). *In re Taylor*, No. 05-35381DM, slip op. at 2. The court noted:

> Debtor has the court's sympathy, but the plain words of Section 109(h) and the cases cited by the [United States Trustee] . . . lead the court to conclude that

12

> Debtor, although now presumably eligible for bankruptcy relief for 180 days . . . has failed to comply with Section 109(h)(1) and that her attempt to be excused from such compliance must also fail.

*In re Taylor*, No. 05-35381DM, slip op. at 3.

The court next considered whether the proper remedy was dismissal of the debtor's case or striking of the petition. The court noted that sound considerations were advanced by those courts that decided to strike the petition, including the prevention of "potentially harsh consequences of dismissal." *Id*. The court observed:

> One fear is that financial realities may prompt the debtor or creditors to file another voluntary or involuntary bankruptcy petition and in that event Section 362(c)(3) and (c)(4) could limit the duration of the automatic stay or even prevent it from going in to effect. *See* 11 U.S.C. §§ 362(c)(3) and (4). This could harm the unfortunate debtor who did not comply with Section 109(h)(1) but acted in good faith. *See In re Tomco*, ___ B.R. ___, 2006 WL 459347 at pp. *4-5 (Bankr. W.D. Pa.) (pointing out that the very debtors who try hardest to avoid bankruptcy are those who may not have planned for bankruptcy by complying with Section 109(h)). The absence of a stay could also harm creditors by subjecting them to a winner take all race to judgment and execution. Dismissal under Section 109(h) could harm creditors in other ways as well because the Bankruptcy Code provides more disclosure, accountability, and equality of distribution than is generally available to creditors outside of bankruptcy. Finally, there are ambiguities in BAPCPA that offer some support for the *Rios* approach, and the potentially harsh consequences of dismissal do seem inconsistent with the "Consumer Protection" title of BAPCPA. *See Rios*, 366 B.R. at 178-180 (reviewing statute and stating, "Congress sought to enlarge debtors' options in the face of financial difficulty, not limit them.")

*In re Taylor*, No. 05-35381DM, slip op. at 3-4.

But the court was persuaded that "under ordinary principles of statutory construction a debtor's non-compliance with, or inability to be excused from, the requirements of Section 109(h)(1) compel dismissal." *In re Taylor*, No. 05-35381DM, slip op. at 4. The court also noted that dismissal is not contrary to Congressional intent, and that voiding a petition could also have detrimental consequences. *In re Taylor*, No. 05-35381DM, slip op. at 5, *citing In re Ross,* 338

B.R. at 139; *In re Tomco*, 2006 WL 459347, at *11-*12 (following *In re Ross*). And the court observed that "it is not clear that the consequences under Section 362(c)(3) and (4) are as draconian as they first appear." *In re Taylor*, No. 05-35381DM, slip op. at 5. Rather, the court noted, a court may extend the automatic stay in a subsequently filed case upon a showing of good faith, and "a dismissal under Section 109(h) in cases such as this does not appear to establish any lack of good faith." *In re Taylor*, No. 05-35381DM, slip op. at 6. For these reasons, the court concluded that "the court must dismiss this case." *In re Taylor*, No. 05-35381DM, slip op. at 7.[3]

---

[3] This Court also notes that of the thirty-four decisions addressing ineligibility under Section 109(h) to date, thirty-one have resulted in dismissal. *Compare In re Dixon*, 2006 WL 355332 (B.A.P. 8th Cir. Feb. 17, 2006) (dismissing case filed by an ineligible debtor); *In re Taylor*, No. 05-35381DM (Bankr. N.D. Cal. Mar. 9, 2006) (same); *In re Wallace*, 2006 WL 581036 (Bankr. E.D. Ark. Mar. 9, 2006) (same); *In re Tomco*, 2006 WL 459347 (Bankr. W.D. Pa. Feb. 27, 2006) (same); *In re Mingueta*, 2006 WL 337542 (Bankr. C.D. Cal. Feb. 13, 2006) (same); *In re Dansby*, 2006 Bankr. LEXIS 178 (Bankr. D.S.C. Feb. 10, 2006) (same); *In re Ashley*, 2006 Bankr. LEXIS 354 (Bankr. E.D. Va. Feb. 8, 2006) (same); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006) (same); *In re Waggoner*, 2006 WL 705931 (Bankr. E.D. Ky. Feb. 8, 2006) (same); *In re Anderson*, 2006 WL 314539 (Bankr. N.D. Iowa Feb. 6, 2006) (same); *In re Cermak*, 2006 Bankr. LEXIS 163 (Bankr. D. Or. Feb. 2, 2006) (same); *In re DiPinto*, 336 B.R. 693 (Bankr. E.D. Pa. Jan. 30, 2006) (same); *In re Sosa*, 336 B.R. 113 (Bankr. W.D. Tex. 2005) (same); *In re Childs*, 335 B.R. 623 (Bankr. D. Md. 2005) (same); *In re Rodriguez*, 336 B.R. 152 (Bankr. D. Mass. 2005) (same); *In re Valdez*, 335 B.R. 801 (Bankr. S.D. Fla. 2005) (same); *In re Talib*, 335 B.R. 424 (Bankr. W.D. Mo. 2005) (same); *In re Rodriguez*, 336 B.R. 462 (Bankr. D. Idaho 2005) (same); *In re Fields*, 337 B.R. 173 (Bankr. E.D. Tenn. 2005) (same); *In re Curington*, 2005 WL 3752229 (Bankr. E.D. Tenn. Dec. 7, 2005) (same); *In re Davenport*, 335 B.R. 218 (Bankr. M.D. Fla. 2005) (same); *In re Randolph*, 2005 WL 3408043 (Bankr. M.D. Fla. Dec. 2, 2005) (same); *In re Sukmungsa*, 333 B.R. 875 (Bankr. D. Utah 2005) (same); *In re Warden*, 2005 WL 3207630 (Bankr. W.D. Mo. Nov. 22, 2005) (same); *In re Wallert*, 332 B.R. 884 (Bankr. D. Minn. 2005) (same); *In re Cleaver*, 333 B.R. 430 (Bankr. S.D. Ohio 2005) (same); *In re Louredo*, 2005 Bankr. LEXIS 2832 (Bankr. E.D. Va. Nov. 16, 2005) (same); *In re Allen*, 2005 Bankr. LEXIS 2835 (Bankr. E.D. Va. Nov. 15, 2005) (same); *In re Watson*, 332 B.R. 740 (Bankr. E.D. Va. 2005) (same); *In re LaPorta*, 332 B.R. 879 (Bankr. D. Minn. 2005) (same); *In re Gee*, 332 B.R. 602 (Bankr. W.D. Mo. 2005) (same); *In re Booth*, 2005 WL 3434776 (Bankr. N.D. Fla. 2005) (same); *with In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005) (striking the petition of an ineligible debtor); and *In re Hubbard*, 333 B.R. 377 (Bankr. S.D. Tex. 2005)

*Dismissal is the Appropriate Outcome*

Based on the entire record, this case should be dismissed rather than stricken for several reasons. First, this Court concludes that a petitioner's eligibility to be a debtor under Section 109 is not jurisdictional. *See In re Ross*, 338 B.R. at 136-37; *In re Tomco*, 2006 WL 459347, at *11. Until the court determines that a petitioner is ineligible, a case is commenced by the filing of a petition and cannot be a nullity. *In re Flores*, 291 B.R. at 52. This result makes both legal and practical sense. Dismissal of a case filed by an ineligible petitioner comports with the due process rights given to all parties in a bankruptcy proceeding and avoids uncertainty with respect to the petitioner's status and the existence of the automatic stay. *In re Flores*, 291 B.R. at 54-55. And dismissal avoids several procedural and substantive pitfalls. These include questions as to the existence and willfulness of an automatic stay violation, and the validity of an action against property taken by a creditor of a petitioner who appears ineligible to be a debtor but later is determined to be eligible. These also include the prospect of unnecessary inaction by a cautious creditor where a petitioner proves to be ineligible to be a debtor. Finally, striking petitions would create new burdens and uncertainties for case administration. New questions would arise, including whether filing fees should be returned to ineligible petitioners and whether Chapter 7 trustees may be compensated for work on cases that prove to be a nullity or void *ab initio*.

Second, the dismissal of a case filed by a petitioner who is ineligible to be a debtor comports with other sections of the Bankruptcy Code and with BAPCPA as a whole. Dismissal is the result in nearly all of the cases filed by petitioners who are ineligible under other subsections of Section 109. *See In re Ross*, 339 B.R. at 136-37. *See also* n.3, *supra*. And while

---

(same).

dismissal of a case because of the ineligibility of the petitioner does not conflict with the applicability of other sections of the Bankruptcy Code, striking a petition would make at least one other section superfluous. See 11 U.S.C. § 362(b)(21)(A). *See also In re Ross*, 339 B.R. at 138-39.

The petitioner's ineligibility to be a debtor is also cause to dismiss a bankruptcy case under Sections 707(a), 1307(c), or 1112(b). *See, e.g., In re LaPorta*, 332 B.R. at 883-84 ("A lack of statutory eligibility to "be a debtor," . . . is the very most fundamental "cause" for dismissal."); *In re Talib*, 335 B.R. at 428 (the debtor's ineligibility was cause for dismissal); *In re Wallert*, 332 B.R. at 891 (same). This Court is reluctant to read into BAPCPA's silence such a sweeping shift in the manner of terminating the cases of ineligible debtors. *See Swarts v. Hammer*, 194 U.S. 441, 444 (1904) ("If Congress has the power to declare otherwise and wished to do so the intention would be clearly expressed, not left to be collected or inferred from disputable considerations of convenience in administering the estate of the bankrupt.").

Third, the legislative history of the credit counseling requirement established by BAPCPA suggests that Congress sought to discourage abuse of the bankruptcy system, and in particular, to address the situation of serial filings made to invoke the protections of the automatic stay in the face of collection actions by creditors with a security interest in real property. To this effect, the House Report states:

> With respect to the interests of creditors, the proposed reforms respond to many of the factors contributing to the increase in consumer bankruptcy filings, such as lack of personal financial accountability, the proliferation of serial filings, and the absence of effective oversight to eliminate abuse in the system
> . . .
>
> [BAPCPA] also establishes new eligibility standards for consumer bankruptcy relief and includes provisions intended to deter serial and abusive bankruptcy

filings.

H.R. REP. NO. 109-31, pt. 1, at 2 (2005). The legislative history of this requirement also suggests that Congress intended that petitioners would have the benefit of pre-filing counseling and education before a bankruptcy case was commenced, so that the bankruptcy courthouse would be the last stop, not the first stop, in the commencement of a bankruptcy case. The Report further states:

> Most important, S. 256 requires debtors to participate in credit counseling programs before filing for bankruptcy relief (unless special circumstances do not permit such participation). The legislation's credit counseling provisions are intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy – such as the potentially devastating effect it can have on their credit rating – before they decide to file for bankruptcy relief.

H.R. REP. NO. 109-31, pt. 1, at 18 (2005). *See also* H.R. REP. NO. 109-31, pt. 1, at 4 (2005) ("As a result, there is a growing perception that bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort.").

And as the United States Trustee argues, striking petitions could result in abuse of the automatic stay, shielding the bad-faith petitioner from creditor action from the time of filing to the time the petition is stricken, with no bar to that petitioner repeating the process over and over again. UST Memorandum at 11-12. Congress could not have intended Section 109 and the credit counseling requirement to have a consequence – facilitating the serial filing of bankruptcy petitions – that would contradict its overall intent in passing BAPCPA. *See King v. St. Vincent's Hospital*, 502 U.S. 215, 221 (1991) ("the cardinal rule [is] that a statute is to be read as a whole . . . since the meaning of statutory language, plain or not, depends on context."). *See also United States v. Hartwell*, 73 U.S. 385, 396 (1868) ("The proper course in all cases is to adopt that sense of the words which best harmonizes with the context, and promotes in the fullest manner the

policy and objects of the legislature.").

Fourth, striking rather than dismissing a bankruptcy case filed by an ineligible petitioner may well not provide the petitioner with the opportunity to realize all of the benefits of a bankruptcy case provided by Congress in a second filing if the protections of the automatic stay are not triggered by the first case. In that situation, as the court observed in *In re Ross*:

> To be sure, dismissing the case as void *ab initio* keeps the case from counting as a prior pending case for purposes of § 362(c)'s limitations on stays in successive cases. But such "protection" will be a pyrrhic victory if, in the meantime, a creditor has completed a repossession or foreclosure because of the absence of a stay in the void case.

*In re Ross*, 338 B.R. at 139.

And conversely, the dismissal of a case filed by an ineligible petitioner does not leave a good-faith debtor without recourse. Such debtors may still access the "full panoply of protections" by seeking an extension of the automatic stay from the court within the first thirty days after the second case is filed. *In re Rios*, 336 B.R. at 180. *See* 11 U.S.C. § 362(c)(3)(B). While there is no doubt that this avenue poses significant burdens on debtors or others seeking to continue the automatic stay, it is also apparent that Congress, through this provision, intended that in appropriate circumstances, a debtor or other party in interest could move promptly to reinstate the protections of the automatic stay. The reinstatement of the automatic stay, not the remedy of striking the petition, appears to be the answer provided by BAPCPA to the question of how a petitioner who files a bankruptcy case without satisfying the credit counseling requirement may gain access to the full benefits of the bankruptcy system. *See also* H.R. REP. NO. 109-31, pt. 1, at 69 (2005) ("Upon motion of a party in interest, the court may continue the automatic stay afer notice and a hearing completed prior to the expiration of the 30-day period if

such party demonstrates that the latter case was filed in good faith as to the creditors who are stayed by the filing.").

Finally, the Court takes note that this district provides notice to petitioners that failure to file certain documents, including those required by Section 109(h), may be grounds for dismissal, as well as notice that if the case is dismissed, a future filing may result in limited application of the automatic stay. *See* United States Bankruptcy Court, Eastern District of New York, *Notice of Deficient Filing - Chapter 7* at 2.

## **Conclusion**

Based on the entire record and for the reasons stated herein, the Court concludes that the Petitioner was ineligible to file a petition for relief under Chapter 7 of the Bankruptcy Code, and that his bankruptcy case therefore should be dismissed. An Order in accordance with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
       March *30*, 2006

>                       *s/ Elizabeth S. Stong*
>                       ELIZABETH S. STONG
>                       UNITED STATES BANKRUPTCY JUDGE